BUTANE POWER & EQUIPMENT COMPA-
NY, a corporation, Appellant
(Defendant below),

American Pipe & Supply Co., a partnership,
Rocky Mountain Rental Tool, Inc., a cor-
poration (Defendants below),

v.

Eugene F. ARNOLD, doing business as
Arnold Drilling Company, Appel-
lee (Plaintiff below).

No. 3488.

Supreme Court of Wyoming.

June 8, 1966.

David A Scott, of Murane, Bostwick, Mc-
Daniel & Scott, Casper, for appellant.

Harold L. Mai, Cheyenne, for appellee.

Before PARKER, C. J., and HARNS-
BERGER, GRAY, and McINTYRE, JJ.

PER CURIAM.

Plaintiff, the owner of an oil and gas leasehold estate, filed a complaint alleging that defendants claimed liens on the land covered by the lease, which liens were recorded and unsatisfied, but void, and he prayed his title in the premises be quieted. Defendant Butane Power & Equipment Company answered separately,[1] admitting the leasehold interest of plaintiff and the filing of lien, but denied that it was void. Plaintiff filed a motion for summary judgment, which was denied, and as a result of a pretrial conference immediately following, the court provided in its order:

> "Defendant Butane Power & Equipment Company was given leave by the court to file a counterclaim asking for foreclosure against the plaintiff, the same to be filed on or before March 25, 1965; the plaintiff was given 10 days from the date of filing of said counterclaim to file an answer thereto."

Certain interrogatories and depositions were thereafter taken, but no pleadings were filed by the parties. On the day of the trial, June 8, defendant Butane, asserting that the parties had made stipulations relating to items of the lien, asked to be allowed to file counterclaim to foreclose the lien. The court granted leave of defendant Butane to file such counterclaim subject to later decision, and after subsequent hearing of argument thereon dis-

---

1. The rights of the other two defendants were determined by Arnold v. American Pipe & Supply Co., Wyo., 413 P.2d 874.

missed the counterclaim as having been filed out of time under § 29–48, W.S.1957, which provides that a suit to enforce a lien be commenced within six months after filing of notice. Thereafter, a motion to amend the judgment so as to authorize foreclosure was denied. This appeal has resulted.

 The issue presented is whether or not the filing of a pretrial order was sufficient to meet the requirements of § 29–48. Defendant Butane argues that plaintiff was aware of its position, that the pleading was a mere formality, and that under Rule 16, W.R.C.P., the present trend of decision is that the pretrial order supersedes the prior pleadings in a civil action. However, new issues do not come into a cause by the court's mere granting of permission for their introduction. Even if we were to hold that a pretrial order supersedes an earlier pleading in a civil action, it would avail the defendant Butane nothing here, in view of the complete failure to comply with the pretrial order.

Affirmed.